IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL REED,

        Petitioner,                 No. CIV S-08-2962 GEB GGH P

    vs.

JAMES A. YATES, Warden,        ORDER &

        Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

pauperis.[1]

        Examination of the in forma pauperis application reveals that petitioner is unable

to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

granted.  See 28 U.S.C. § 1915(a).

        Petitioner is currently serving a sentence on a 4/10/06 conviction in Sacramento

County Superior Court, but seeks to challenge a 1986 Sacramento County Superior Court

conviction for assault with a deadly weapon, pursuant to Cal. Penal Code § 245(a).  See Petition,

---

[1] This matter was transferred from the Fresno Division of the Eastern District of
California.  See Docket # 3, filed in this court, on 12/04/08.

1   pp. 1, & note at 5.[2]  Petitioner pled nolo contendere on 3/19/86 to the charge and, as a result,

2   received a suspended sentence with four years of probation.  Id, at 1, 4.  Petitioner claims that he

3   fulfilled the terms of his plea agreement by abiding with the condition and terms of his probation

4   but was not apprised of the fact that the conviction might later be used as a sentence

5   enhancement, under the three strikes law or otherwise, for a later unrelated conviction.  Id., at 5.

6           Petitioner thus claims that he did not knowingly and intelligently enter the no

7   contest plea in 1986.  Petition, p. 5.  He claims that the 1986 plea contract has been breached and

8   that he has been unconstitutionally subjected to double jeopardy by the use of the 1986

9   conviction to enhance his 2006 sentence.  Id., at 8-11.  Among the exhibits petitioner attaches to

10  his petition appear to be copies of an amended complaint naming petitioner as the defendant,

11  filed in Sacramento Municipal Court on 3/19/86.  Petition, Appendix A, pp. 13-16.  Petitioner

12  also includes a copy of the Reporter's Transcript of the proceedings on 3/19/86, which plainly

13  indicates that petitioner was therein represented by counsel.  Petition, pp. 19-33.

14          To the extent that petitioner is actually challenging his 1986 conviction, it is clear

15  that he is not "in custody" for that conviction, a prerequisite for any habeas corpus claim.  See

16  Hensley v. Mun. Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).  To the extent

17  that he is challenging his present (2006) conviction, the petition also fails.

18          Under Lackawanna County District Attorney v. Coss, 532 U.S. 394, 402, 121 S.

19  Ct. 1567, 1573 (2001), the Supreme Court extended a holding governing § 2255 petitions to

20  include § 2254 petitions aimed "at enhanced state sentences," that a petitioner could not

21  challenge in a habeas petition "a prior conviction used to enhance a federal sentence" if said prior

22  conviction "is no longer open to direct or collateral attack in its own right because the defendant

23  failed to pursue those remedies while they were available (or because the defendant did so

24  _____

25      [2]  It appears that petitioner is currently serving a four-year sentence for attempting to commit a lewd and lascivious act or acts upon a child under 14, pursuant to Cal. Penal Code §§ 664, 288(a), which was enhanced, under Cal. Penal Code §§ 667, 667.5, by eleven years for a total of a fifteen-year term.

26

1   unsuccessfully)...."  The only exception to the rule lies "where there was a failure to appoint

2   counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S.

3   335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)."  Lackawanna, supra, at 404, 121 S. Ct. at 1574.

4          Based on petitioner's own submissions, he does not come within the exception to

5   the rule announced in Lackawanna, supra, as he was represented by counsel at the time his plea

6   was entered and he does not, and apparently cannot on the face of it, contend otherwise.

7   Because, under Lackwanna, supra, petitioner is foreclosed from obtaining federal relief on a

8   claim of double jeopardy or otherwise with regard to his current sentence by a challenge to the

9   constitutionality of a prior conviction for which he is no longer in custody, this court must

10  recommend summary dismissal of this petition.

11         Accordingly, IT IS ORDERED that:

12         1.  Petitioner's application to proceed in forma pauperis is granted;

13         2.  The Clerk of the Court is directed to serve a copy of these findings and

14  recommendations together with a copy of the petition filed in the instant case on the Attorney

15  General of the State of California; and

16         IT IS HEREBY RECOMMENDED that the instant petition be summarily

17  dismissed.

18         These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20  days after being served with these findings and recommendations, petitioner may file written

21  objections with the court.  Such a document should be captioned "Objections to Magistrate

22  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

23  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

24  Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  DATED: February 24, 2009                    /s/ Gregory G. Hollows

26  GGH:009 - reed2962.ofr                      UNITED STATES MAGISTRATE JUDGE

3